```
1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  KYLE F. WALDINGER (ILSB 6238304)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, 11th Floor
6     San Francisco, California 94102
      Telephone: (415) 436-6830
7     Facsimile: (415) 436-7234
      E-mail: kyle.waldinger@usdoj.gov
8
   Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No.: CR 07-0326 JSW |
|---|---|
| Plaintiff, | ) |
| v. | ) UNITED STATES' SENTENCING MEMORANDUM |
| THERESA CHANG, | ) |
| Defendant. | ) |

On June 21, 2007, the defendant Theresa Chang entered a plea of guilty to the single count of the Information charging her with making a false statement to a law enforcement officer, in violation Title 18, United States Code, Section 1001.

Sentencing is set for October 11, 2007 at 2:30 p.m. The government now submits this memorandum in order to address the offense conduct and the plea agreement, as well as to advise the Court of its sentencing recommendation of three (3) years' probation and a $5,000 fine.

**I.    Offense Conduct.**

In the Presentence Report ("PSR"), the Probation Officer has set out an accurate account of the offense conduct. *See* PSR, ¶¶ 6–9. In summary, in early 2006, the Office of Export Enforcement ("OEE") commenced an investigation regarding the possible

USA'S SENTENCING MEMORANDUM
CR 07-0326 JSW

1  unlawful export of nickel powder to Taiwan.[1]  It is permissible to export nickel powder to
2  certain countries only after obtaining a license from the U.S. Department of Commerce.
3  An unlicensed export of materials that require an export license is a potential violation of
4  the International Emergency Economic Powers Act (50 U.S.C. §§ 1701–1706); the
5  Export Administration Act of 1979, as amended (50 U.S.C. App. §§ 2401–2420); and the
6  Export Administration Regulations (15 C.F.R. §§ 730–774).[2]
7       As part of its investigation, the OEE believed that an employee (or employees) of
8  Elecmat — a company in San Francisco managed by the defendant Theresa Chang —
9  obtained nickel powder from a legitimate seller in the United States in October 2005.  The
10 OEE also believed that, later that same month, Elecmat exported the nickel to its parent
11 company in Taiwan, Gredmann/Well-Being Enterprise Co., Ltd.  Under the Export
12 Administration Regulations, an exporter needs a license to export this type of material to
13 Taiwan.  As part of its investigation, the OEE executed a search warrant of Elecmat's
14 premises in May 2006.  The defendant was present that day and consented to be
15 interviewed.  As the defendant admitted in her plea colloquy, she gave a material false
16 statement to the OEE agents during that interview.
17      For the Court's information, although each application for an export license is
18 reviewed on a case-by-base basis, it is the government's understanding that an application
19 to export nickel powder to Taiwan would generally be approved.

---

[1]  The OEE is the law enforcement arm of the U.S. Department of Commerce's Bureau of Industry and Security.

[2]  The statutory framework pertaining to the investigation is complicated.  The Export Administration Act ("EAA") was enacted as a temporary statute.  *See* H.R. Rep. No. 95-459, 95th Cong., 1st Sess. at 13 (1977); 50 App. U.S.C. § 2419 ("The authority granted by this Act . . . terminates on August 20, 1994.").  However, Congress has empowered the President to maintain the effectiveness of EAA provisions during periods of lapse through the International Emergency Economic Powers Act, 50 U.S.C. § 1702(a)(1)(B).  The last time that the EAA was re-authorized by Congress was on November 13, 2000.  It thereafter remained in effect through August 20, 2001.  Since August 21, 2001, the Act has been in lapse and the President, through Executive Order 13222 of that date, as extended by various Notices (*see, e.g.*, 71 Fed. Reg. 44551), has continued the regulations in effect under the IEEPA.

USA'S SENTENCING MEMORANDUM
CR 07-0326 JSW                            -2-

## II. Plea Agreement.

The parties entered into a written plea agreement pursuant to Rule 11(c)(1)(A) and (B). Pursuant to that agreement, the parties agreed that the base offense level was 6. Assuming that the defendant qualified for a reduction for acceptance of responsibility, the parties agreed that the adjusted offense level was level 4. *See* Plea Agrm., ¶ 7. The Probation Officer agrees that these calculations are correct. *See* PSR, ¶¶ 3 & 28.

## III. Government's Sentencing Recommendation.

The Probation Officer has recommended a sentence of 3 years' probation. The United States concurs in this recommendation. The government also concurs with the Probation Officer's recommendation that a $5,000 fine be imposed and that the defendant pay a special assessment of $100.

The government believes that this sentence appropriately punishes the defendant for her crime, taking account of the factors set out in 18 U.S.C. § 3553(a). As noted above, the OEE was conducting an investigation into the possible illegal export of nickel powder to Taiwan by a company managed by the defendant. In May 2006, the OEE executed a search warrant of Elecmat's premises in an effort to find evidence pertaining to the shipment in question. Whenever a company is involved in potential violations of federal law, one important fact that law enforcement officers must determine is the identity of the individual or individuals within the company who took the actions being investigated and/or who directed that the actions be taken. In this case, the defendant Chang minimized her role in Elecmat by falsely stating that she received no compensation for running that company. This false statement was material because it had the potential to divert the agents' investigative efforts away from the defendant.

On the other hand, the applicable Guidelines range lies in "Zone A"; the defendant has otherwise lived an upstanding and productive life since emigrating to this country; the defendant admitted her lie when next interviewed by the OEE agents; and she is quite unlikely to re-offend.

Accordingly, for all of these reasons, the United States strongly recommends that

1  the Court impose the sentence proposed in the PSR.  This non-custodial, probationary
2  sentence would be counterbalanced by the length of the probationary term (3 years) and
3  by the fine at the top of the Guidelines range ($5,000).
4  DATED: October 3, 2007				Respectfully submitted,

						SCOTT N. SCHOOLS
						United States Attorney


						/s/
						KYLE F. WALDINGER
						Assistant United States Attorney

USA'S SENTENCING MEMORANDUM
CR 07-0326 JSW						-4-