JOHN J. JORDAN, ESQ.   (State Bar No. 175678)
400 Montgomery Street
Suite 200
San Francisco, CA   94104
(415) 391-4814
(415) 391-4308 (FAX)

Attorney for Defendant
THERESA CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>THERESA CHANG,<br><br>  Defendant. | No.   CR 07-0326 JSW<br><br>**DEFENDANT THERESA CHANG'S SENTENCING MEMORANDUM**<br><br>Date: October 11, 2007<br>Time: 2:30 p.m.<br>Hon. Jeffrey S. White |

## INTRODUCTION

The defendant Theresa Chang, through her counsel, John J. Jordan, hereby files this sentencing memorandum to aid the Court at the sentencing hearing now scheduled for October 11, 2007.

The defendant asks this Court to adopt the findings of United States Probation Officer E. Ann Searles, as detailed in the final pre-sentence report ("PSR") and follow Officer Searles' recommendation and impose a probationary sentence.

## STATEMENT OF FACTS

Ms. Chang is a 45-year-old woman, who is the mother of three children. Ms Chang is separated from her husband, Joseph Po-Yuan Chang, but they remain friends and business partners. PSR 33, 36. Ms. Chang was born in Taipei and moved to the United States in 1983. PSR 33. She became a United States citizen in 2003. PSR 35.

**DEF. SENT. MEMO.**

1

From 1986 to present, Ms. Chang and her husband have been partners in a commercial jewelry business known as "Treasure Connection. The business, located in San Francisco, conducts both wholesale and retail jewelry sales. PSR 44. There have been no complaints about the business, which is uninvolved in this case.

This case arose when Ms. Chang was approached by a friend in Taiwan who ran Gredmann/Well-Being Enterprise CO., Ltd, a Taipei import business. Ms. Chang was asked to take over the United States office for business conducted between Gredmann and the United States, which was named "Elecmat." PSR 15. Ms. Chang was asked to order certain materials in the United States that were cheaper than in Taipei, and arrange the shipment of these materials to Taipei. Ms. Chang agreed to do so, believing that she would be guided by Gredmann in conducting this new business. Ms. Chang received compensation for doing this, as well as money to cover any expenses. PSR 12-15.

Unfortunately, Gredmann requested Ms. Chang obtain powdered nickel for export to Taipei, which requires an export license. There is no dispute that Ms. Chang did not know of this requirement. It also appears that an export license would have been granted if requested.

The U.S. company supplying the nickel self-reported the export of the material to the appropriate government agency, and federal law enforcement agents began an investigation. On May 26, 2006, agents questioned Ms. Chang. Ms. Chang, in what she describes as a moment of panic, did not tell the agents the truth about her compensation for her work for Electmat and Gredmann. PSR 12-15.

In October 2006, law enforcement agents executed a search warrant at Ms. Chang's residence and again questioned Ms. Chang. PSR 9. This time, Ms. Chang told the government agents the truth about her relationship with Elecmat. PSR 9, 15.

On May 24, 2007, Ms. Chang waived indictment by a grand jury and plead guilty to one count of Making a False Statement, in violation of 18 U.S.C. § 1001, the sole count in an information filed against her.

The plea was entered pursuant to a written plea agreement with the United States

**DEF. SENT. MEMO.**

Attorney. In the plea agreement, the parties agreed that the appropriate sentencing range was an adjusted offense level of 4.

The defendant has received and reviewed the final Pre-Sentence Report (PSR) prepared by United States Probation Officer Searles. The defendant has no objections to the factual statements contained therein, and concurs that the Sentencing Guideline calculations are accurate. The PSR calculates defendant's final offense level as level 4, criminal history I, with a resulting guideline range of 0-6 months. This is consistent with the plea agreement reached between the parties.

Ms. Searles has now recommended a sentence of three-years probation for the defendant, pursuant to 18 U.S.C. § 3553, and imposition of a $5000 fine. Counsel agrees with this recommendation and urges the Court to impose a non-custodial sentence.

## ARGUMENT

There are several factors that the defendant hopes this Court will view as mitigation in this case. These factors include the defendant's subsequent cooperation in this case, the circumstances surrounding this case, and the defendant's lack of a prior record.

**1. Applicable Law**

In this post-*Booker* sentencing, this Court is "not mandated to sentence within an applicable Guideline range because the Sentencing Guidelines are advisory--not mandatory." *United States v. Mix,* 450 F.3d 375 (9th Cir. 2006), citing *United States v. Cantrell,* 433 F.3d 1269, 1279-81 (9th Cir. 2006) and *United States v. Booker,* 543 U.S. 220, 259-60 (2005). District courts, however "'must consult [the] Guidelines and take them into account when sentencing,' even though they now have the discretion to impose non-Guidelines sentences." *United States v. Cantrell,* 433 F.3d at 1279, quoting *Booker,* 543 U.S. at 264.

"In addition, a district court must apply the factors enumerated in 18 U.S.C. § 3553(a) in its sentencing decision." *United States v. Mix, supra,* citing *United States v. Cantrell,* 433 F.3d at 1279-80; see also *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc).

Thus, in addition to the advisory Guideline range, the district court must consider "the

nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care. 18 U.S.C. § 3553(a)(1)-(2).

**2.     The Defendant's Request for a Probationary Sentence.**

The probation officer has recommended that the Court place Ms. Chang on probation for three years, with standard conditions as well as drug testing and five special conditions. PSR Sent. Recommendation. Officer Searles also recommended that the Court impose a $5000 fine against Ms. Chang. Other than requesting that Ms. Chang be given 30 days to pay the fine, the defendant concurs with the recommendation of the probation officer. This sentence is within the final sentencing range under the Guidelines.

There is strong support in this case for the Court to follow the recommendation of the probation officer, after a review of the factors set forth in 18 U.S.C. § 3553(a).

**a.     The nature and circumstances of the offense**

While making a false statement to a federal law enforcement agent is a serious matter, it does appear that there were mitigating circumstances in this case. Ms. Chang has explained that she made the false statement in a moment of panic. She had no prior experience with law enforcement, and was completely unprepared for her interview. The entire incident was triggered by the failure of Gredmann to obtain an export license, which it could have done. Had Gredmann done so, and also properly trained Ms. Chang, there would have been no federal investigation.

Accordingly, taking all these factors into account, the imposition of a sentence of probation is not inappropriate under the circumstances of this offense.

**b.     The history and characteristics of the defendant**

This factor strongly supports mitigation. This is Ms. Chang's only contact with the criminal justice system. She has no prior criminal record of any kind. She has been working steadily, supporting her three children along with her husband. Although they are separated, her

husband and Ms. Chang remain friends and been business partners in a successful jewelry business since 1986. She has been a constructive member of society for years. Ms. Chang and her husband have two children in college, and their third child is also a successful student in high school.

As the attached letters from her family and two friends attest, Ms. Chang has strong family support. Her children know about this offense and remember the execution of the search warrant at their house. She has dealt with these events honestly with her children so that they learn an important lesson about the need for honesty.

In addition, Ms. Chang has cooperated with law enforcement since her initial false statement. She corrected her false statement in October, 2006, when law enforcement agents came to her house. She agreed to be interviewed further by the government, and remains available to testify about this matter on behalf of the government

Ms. Chang's offense seems truly aberrational and out of character for her and calls for mitigation.

**c.    The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.**

Ms. Chang acknowledges that making a false statement to a federal law enforcement agent is a serious matter. However, this is a non-violent, first offense, and Ms. Chang is certainly aware now of the consequences of her actions.

Further, the defendant submits that this appears to be a case where there was little chance that the defendant would re-offend. The defendant has led a largely law-abiding life until this offense. Ms. Chang was recruited and hired to do a highly technical job that she was untrained for and unprepared to do. She was truly shocked when she learned how serious this violation was, and has been very emotional in discussing her mistake and its effect on her children.

A probationary sentence would provide adequate punishment in this case and protect the public. The additional imposition of a fine would also serve as a reminder to Ms. Chang of her mistake and its cost.

**CONCLUSION**

The defendant asks this Court to follow the recommendation of the probation officer and impose a sentence of three-years probation, with a $5000 fine.

DATED: October 4, 2007          Respectfully submitted,


_____
JOHN J. JORDAN
Attorney for Theresa Chang

**DEF. SENT. MEMO.**